UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cr-80118-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIUS CORNELIUS JONES,

    Defendant.
_____/

**ORDER ON MOTION FOR REDUCTION IN SENTENCE
UNDER SECTION 404 OF THE FIRST STEP ACT OF 2018**

**THIS CAUSE** is before the Court on the Defendant's Motion for Reduction in Sentence under Section 404 of the First Step Act of 2018, ECF No. [379] ("Motion"). The Court has reviewed the Motion, the Government's Response, the record and applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A federal grand jury indicted Defendant with two counts of conspiracy with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1), and possession with intent to distribute 28 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 5). ECF No. [3]. Defendant pled guilty to Count 1 of the indictment on January 8, 2013. *See* ECF No. [243], [284]. In the Pre-Sentence Investigation Report ("PSI"), Defendant was held responsible for 2,268.1 grams of crack cocaine, 1,420 grams of powder cocaine, and 9,996 grams of marijuana, which when converted to marijuana equivalent, totaled 8,393.3811 kilograms of marijuana. PSI, ¶ 55. According to the PSI and applicable guidelines, Defendant's offense level was 34, including a career offender enhancement. *See* U.S.S.G. § 2D1.1(a)(5), 4B1.1(a); PSI, ¶¶ 56, 62. At his sentencing on March 21, 2013, the Court

determined that Defendant would be held responsible for 1,500 grams of crack cocaine, yielding a total offense level of 31, with a criminal history category VI. ECF No. [288] at 85-86. Therefore, Defendant's guideline imprisonment range was 188 to 235 months. *Id*. at 85. After hearing argument of counsel, the Court sentenced Defendant to a term of 156 months. *Id*. at 121. Defendant's conviction and sentence were affirmed on appeal. ECF No. [315].

In the Motion, the Defendant seeks a reduction of his sentence under Section 404 of the First Step Act of 2018. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010); *see also United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found at 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) and (B), increasing the quantity of crack cocaine that triggered mandatory minimum penalties. But the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act on December 21, 2018. The only portion of the First Step Act that expressly permits a Court to reduce a previously imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine

base. Section 404(b) of the First Step Act expressly permits the Court to impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. Pub. L. No. 115-391, 132 Stat. 5194. A "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." *Id*. As such, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act. The authority to reduce a sentence under the First Step Act applies only to (1) federal crack cocaine offenses, (2) committed prior to August 3, 2010, (3) for which the Fair Sentencing Act modified the statutory penalty range.

Here, Defendant is not eligible for relief under the First Step Act for two reasons. First, the offense for which he was convicted occurred after August 3, 2010. As set forth in the Indictment, the charged conduct occurred from about March 9, 2011 through approximately April 22, 2012. *See* ECF No. [3]. Second, the First Step Act expressly prohibits relief under the circumstances. Section 404(c) states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." Pub. L. No. 115-391, 132 Stat. 5194. Defendant was sentenced on March 21, 2013, and therefore received the benefit of the Fair Sentencing Act reduction in drug quantity at the time of his sentencing. As such, the First Step Act affords him no further relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [379]**, is **DENIED**.

Case No. 12-cr-80118-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Julius Cornelius Jones
21641-017
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jesup, Georgia 31599